## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on January 28, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **VIOLATIONS:** |
| | : | **18 U.S.C. § 1959(a)(3)** |
| **MILTON BENJAMIN GUEVARA-** | : | **(Violent Crime in Aid of Racketeering-** |
| **VILLATORO,** | : | **Assault with a Dangerous Weapon)** |
| **CHRISTIAN FIGUEROA-GUTIERREZ,** | : | **18 U.S.C. § 924(c)(1)(A)(iii)** |
| also known as "Cochol," | : | **(Unlawful Possession, Brandishing, and** |
| **CHRISTOPHER MOLINA-GARCIA** | : | **Discharge of a Firearm During** |
| also known as "Casper," | : | **and in Relation to a Crime of Violence)** |
| | : | **18 U.S.C. § 2** |
| Defendants. | : | **(Aiding and Abetting)** |
| | : | **22 D.C. Code § 4504(a)** |
| | : | **(Carrying a Pistol Without a License)** |
| | : | |
| | : | **FORFEITURE: 18 U.S.C. § 924(d),** |
| | : | **21 U.S.C. § 853(a), (p), and** |
| | : | **28 U.S.C. § 2461(c)** |

### INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this indictment:

1. The defendants, **MILTON BENJAMIN GUEVARA-VILLATORO, CHRISTIAN FIGUEROA-GUTIERREZ**, also known as "Cochol," and **CHRISTOPHER MOLINA-GARCIA**, also known as "Casper," and others known and unknown, were members and associates of "18th Street," a violent international street gang engaged in a variety of criminal activities including, among other things, acts involving assault, robbery, kidnapping, murder, and firearms

1

trafficking in the District of Columbia and elsewhere.

2. The 18th Street gang is currently active in urban and suburban areas of the United States. 18th Street members are required to commit acts of violence to further the interests of the gang. These violent acts are often directed against rival gang members, 18th Street members who have violated gang rules or have otherwise disrespected the gang, and persons who are suspected of cooperating with law enforcement. Additionally, 18th Street members are also known to sell and transport narcotics, weapons, and other contraband to generate money to support the gang and its criminal activities. Some of the proceeds of this criminal activity are wired to members of the gang's leadership in other countries. 18th Street members are known to control geographical areas and use violence to maintain their control.

3. Members of 18th Street are organized into "cliques," or smaller groups operating within specific cities or regions that all operate under the umbrella rules of 18th Street. 18th Street is highly organized and well structured. It follows initiation rituals, uses specific gang signs, colors and symbols, and requires adherence to and enforcement of specific rules of conduct and payment of dues that are used, in part, to support the gang and its members. 18th Street cliques often work cooperatively to engage in criminal activity and to assist one another in avoiding detection by law enforcement.

4. 18th Street members and associates use certain terms to describe the organizational structure of and certain positions within the gang, including but not limited to the following: A "Homeboy" is a full member who has been "jumped in" to the gang after he has proven his loyalty and worth to Homeboys. Being "jumped in" to the gang usually involves a physical beating at the hands of other Homeboys that lasts for 18 seconds. A "Civil," or a helper, serves as a "lookout" that alerts Homeboys to the presence of law enforcement officers or rival gangs in the neighborhood, makes deliveries of narcotics, serves as a driver for Homeboys, delivers messages, and offers other

assistance to the gang. Homeboys receive approval from 18th Street's senior leadership to "jump in" a Civil and promote him to a Homeboy as a result of work the Civil performed to benefit the gang, including, among other things, distributing narcotics, participating in gang-related violence, or through other means whereby the Civil is deemed to have proven his worth to the gang. A "Palabrero" is a senior Homeboy and leader who commands a clique and can order gang members to commit acts of violence, including murder, kidnapping, assault, and robbery.

5. Tiny Locos Surenos, also known as "TLS," is an 18th Street clique operating in Washington, D.C. At all times relevant to this indictment, **MILTON BENJAMIN GUEVARA-VILLATORO, CHRISTIAN FIGUEROA-GUTIERREZ**, also known as "Cochol," and **CHRISTOPHER MOLINA-GARCIA**, also known as "Casper," were members and associates of the TLS clique of the 18th Street gang.

### The Racketeering Enterprise

6. 18th Street, including its leaders, members, and associates, constitutes an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact that engages in, and the activities of which affect, interstate and foreign commerce. 18th Street is an ongoing organization whose members and associates function as a continuing unit for a common purpose of achieving the objectives of the enterprise.

### Purposes of the Enterprise

7. The purposes of the 18th Street enterprise include the following:

  a. Preserving, expanding, and protecting the power, territory, and reputation of
  18th Street through the use of violence, threats of violence, and intimidation;

  b. Promoting and enhancing 18th Street and the activities of its members and

3

associates by committing crimes, including, but not limited to, murder, kidnapping and assault;

c. Keeping victims, potential victims, and community members in fear of 18th Street and its members and associates through violence, threats of violence, and intimidation;

d. Confronting and retaliating against rival gangs and individuals seen as a threat to 18th Street through the use of violence, threats of violence, and intimidation;

e. Assaulting and murdering individuals believed to be cooperating with law enforcement authorities;

f. Hindering and obstructing efforts of law enforcement authorities to identify, apprehend, and successfully prosecute offending gang members; and

g. Coordinating activities with national leadership, and providing financial support and information to 18th Street members in El Salvador and Guatemala.

## Means and Methods of the Enterprise

8. Among the means and methods by which 18th Street members and associates conduct and participate in the conduct of the affairs of the enterprise are the following:

a. 18th Street members and associates use violence, threats of violence, and intimidation to preserve, protect and expand the enterprise's territory and activities and to enhance its prestige, reputation, and position in the community;

b. 18th Street members and associates, in order to maintain control of their territory and inspire loyalty and allegiance among their ranks, promote a climate of fear through violence, threats of violence, and intimidation;

c. 18th Street members and associates use violence, threats of violence, and

4

intimidation to discipline and punish members and associates who violate the rules of the gang;

d.  18th Street members and associates use violence, threats of violence, and intimidation against individuals perceived as a threat to the power, reputation, and territory of 18th Street;

e.  18th Street members commit violent crimes in order to be promoted in the gang;

f. 18th Street members and associates commit violent crimes, including murder, kidnapping, and assault, in order to attack members of rival gangs and to punish any 18th Street members who improperly associate with rival gang members;

g. 18th Street members and associates use cellular phones and social media to discuss gang related business, document their crimes, publicly represent the gang through the  display of 18th Street symbols and slogans, and communicate with leadership in the United States and abroad; and

h. 18th Street collects dues from its members and associates in order to buy firearms and narcotics/controlled substances and to provide financial support to the enterprise.

9.     The 18th Street enterprise, through its members and associates, engages in racketeering activity as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), including:

a.  acts involving murder, in violation of D.C. Code, Sections 22-2101, 22-2103, 22-1805, and 22-1805a, and in violation of Maryland Code, Criminal Law §§ 2-201, 2-204, 2-205, 2-206, and the common law of Maryland; and

b.  offenses involving drug trafficking in violation of Title 21, United States Code,

Sections 841 and 846.

## COUNT ONE

THE GRAND JURY FURTHER CHARGES THAT:

The GENERAL ALLEGATIONS of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about September 17, 2019, within the District of Columbia, for the purpose of gaining entrance to and maintaining and increasing position in 18th Street, an enterprise engaged in racketeering activity, defendants **MILTON BENJAMIN GUEVARA-VILLATORO, CHRISTIAN FIGUEROA-GUTIERREZ,** also known as "Cochol," and **CHRISTOPHER MOLINA-GARCIA,** also known as "Casper," together with others known and unknown, unlawfully, knowingly, and intentionally did assault J.M., W.O., and others whose identities are unknown to the grand jury, with a dangerous weapon, that is, a firearm, a knife, and a meat cleaver in violation of 22 D.C. Code § 402.

**(Violent Crime in Aid of Racketeering – Assault with a Dangerous Weapon,** in violation of Title 18, United States Code, Sections 1959(a)(3) and 2.))

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

The GENERAL ALLEGATIONS of this indictment are re-alleged and incorporated by reference as though fully set forth herein.

On or about September 17, 2019, within the District of Columbia, defendants **MILTON BENJAMIN GUEVARA-VILLATORO, CHRISTIAN FIGUEROA-GUTIERREZ,** also known as "Cochol," and **CHRISTOPHER MOLINA-GARCIA,** also known as "Casper," did unlawfully and knowingly use, carry, brandish, and discharge a firearm, during and in relation to, a

crime of violence for which they may be prosecuted in a court of the United States, namely, the assault with a dangerous weapon in aid of racketeering charged in Count One of this Indictment, and did possess, brandish, and discharge a firearm in furtherance of the offense charged in Count One of this Indictment.

> **(Using, Carrying, Possessing, Brandishing, and Discharging a Firearm During a Crime of Violence**, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii) and 2))

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

On or about October 30, 2019, within the District of Columbia, defendant **MILTON BENJAMIN GUEVARA-VILLATORO** did carry, openly and concealed on or about his person, in a place other than his dwelling place, place of business or on other land possessed by him, a pistol, without license issued pursuant to law.

> **(Carrying a Pistol Without a License (Outside Home or Place of Business)**, in violation of 22 D.C. Code, Section 4504(a) (2001 ed.))

## FORFEITURE ALLEGATION

1.    Upon conviction of either of the offenses alleged in Counts One through Three of this Indictment, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.  The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses.

2.    Upon conviction of the offense alleged in Count Two, the defendant shall forfeit to the

United States, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

       3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

      (a)      cannot be located upon the exercise of due diligence;

      (b)      has been transferred or sold to, or deposited with, a third party;

      (c)      has been placed beyond the jurisdiction of the Court;

      (d)      has been substantially diminished in value; or

      (e)      has been commingled with other property that cannot be divided without difficulty;

the defendants shall forfeit to the United States any other property of the defendants, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

      (**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853(a), (p))

                  A TRUE BILL:

                  FOREPERSON.

*Channing D. Phillips*

Attorney of the United States in
and for the District of Columbia.